**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

December 29, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1592

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　v.

LUIS C. ACOSTA,
　　　　　*Defendant-Appellant.*

Appeal from the United States
District Court for the Northern
District of Illinois, Eastern Division.

No. 01 CR 1036

Robert W. Gettleman, *Judge.*

**O R D E R**

Luis Acosta pled guilty to conspiracy to import heroin into the United States, using a communication facility in the commission of a felony, and distribution of a controlled substance.  The district court sentenced him to 168 months' imprisonment, the low end of the range recommended by the then-mandatory United States Sentencing Guidelines, and five years of supervised release.  Acosta appealed, contending his sentence was improper under *United States v. Booker*, 125 S. Ct. 738 (2005).  We reviewed his contention using the plain error standard of review.  In accordance with the procedure we announced in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), we ordered a limited remand on July 29, 2005 to ask the district court whether it would have imposed the same sentence knowing the Guidelines were advisory.

The district court judge responded, "If I had known the Sentencing Guidelines were advisory rather than mandatory, I cannot conclude that I would have imposed the same sentence I imposed in this case."  As the government acknowledges, the district

court's response to our limited remand demonstrates that plain error has been shown. As a result, we VACATE Acosta's sentence and REMAND to the district court for resentencing.